**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-01604-VAP (OPx)                Date:  September 23, 2013

Title:     JUAN C MENDOZA -v- CITIMORTGAGE GROUP, QUALITY LOAN SERVICE CORP, AND DOES 1 THROUGH 100, INCLUSIVE
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

           Marva Dillard                              None Present
           Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                           DEFENDANTS:

           None                                       None

PROCEEDINGS:     MINUTE ORDER REMANDING CASE FOR LACK OF
                 SUBJECT-MATTER JURISDICTION (IN CHAMBERS)

     On August 7, 2013, Plaintiff Juan C. Mendoza filed the instant action in California Superior Court for the County of San Bernardino, alleging Defendants Citimortgage Group ("Citimortgage"), Quality Loan Service Corp. ("Quality Loan Service"), and DOES 1-100 committed various torts and statutory violations in the course of securitizing a mortgage loan on Mendoza's property and subsequently selling the property through a Trustee's Sale.  (<u>See</u> Ex. 1 to Not. of Removal (Doc. No. 1).)  On September 5, 2013, Quality Loan Service filed and served a Declaration of Non-Monetary Status pursuant to California Civil Code section 2924I in California superior court.  (<u>See</u> Ex. 2 to Not. of Removal.)  On September 6, 2013, Defendant Citimortgage filed a Notice of Removal premised on the parties' complete diversity,

EDCV 13-01604-VAP (OPx)
JUAN C MENDOZA v. CITIMORTGAGE GROUP, QUALITY LOAN SERVICE CORP, AND DOES N1 THROUGH 100, INCLUSIVE
MINUTE ORDER of September 23, 2013

as the only non-diverse party, Quality Loan Service, allegedly became a non-entity for the purpose of determining diversity when it filed its Declaration of Non-Monetary Status. See Silva v. Wells Fargo Bank NA, 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011). As discussed below, however, Quality Loan Service does not yet have non-monetary status. Without non-monetary status, Quality Loan Service is a non-diverse Defendant. If Quality Loan Service is non-diverse, this Court lacks subject-matter jurisdiction. Without subject-matter jurisdiction, Defendant cannot remove the action to this Court.

     Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

     Defendant removed this action based on the Court's diversity jurisdiction. Diversity jurisdiction exists when no plaintiff resides in the same state as any defendant (the complete diversity rule), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Ninth Circuit recognizes an exception to the complete diversity rule, however, and allows the exercise of diversity jurisdiction over a case in which a non-diverse party is merely a "nominal or formal party who ha[s] no interest in the action . . . ." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000). Courts in this district have recognized that a party's successful declaration of non-monetary status, under California Civil Code § 2924l, is sufficient to render that party a mere "nominal or formal party" for the purpose of establishing diversity jurisdiction. See Silva, 2011 WL 2437514, at *4 (listing cases).

     A party declaring non-monetary status does not actually have non-monetary status until 15 days have passed from the filing of its declaration. Silva, 2011 WL 2437514, at *4 (citing Sun v. Bank of Am. Corp., No. 10-0004, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010)). Defendant removed this case one day after Quality

EDCV 13-01604-VAP (OPx)
JUAN C MENDOZA v. CITIMORTGAGE GROUP, QUALITY LOAN SERVICE CORP, AND DOES N1 THROUGH 100, INCLUSIVE
MINUTE ORDER of September 23, 2013

Loan Service, a California corporation, filed and served its Declaration of Non-Monetary Status in superior court.  To remove the case to this Court successfully, Defendant bears the burden of showing diversity exists <u>at the time of removal</u>. <u>Strotek Corp. v. Air Transp. Ass'n of Am.</u>, 300 F.3d 1129, 1131 (9th Cir. 2002). Since Quality Loan Assurance cannot attain non-monetary status until 15 days after filing its Declaration of Non-Monetary status, its presence in this action means that complete diversity does not exist.  Accordingly, on its own motion, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**